UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 25-cv-22251-BLOOM**

Enlai Zhu

                Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

                Defendants.
_____/

**PLAINTIFF'S VERIFIED RESPONSE TO THE COURT'S OMNIBUS ORDER**

Plaintiff, Enlai Zhu ("Plaintiff"), by and through its undersigned counsel, hereby submits this verified response to the Court's Omnibus Order, dated May 16, 2025 [ECF No.5]. In support thereof, Plaintiff states as follows:

1. On May 20, 2025, Plaintiff conducted a search on the Public Access to Court Electronic Records ("PACER") of case filings through the United States case index search, in compliance with the Court's Omnibus Order, and confirmed Plaintiff has not filed against any of the Defendants at issue in any other district.

2. Additionally, to further comply with the Court's Omnibus Order, Plaintiff will renew its Motion to Seal, ECF No. 4, using the CM/ECF events specifically earmarked for a motion to seal. Plaintiff's Motion to Seal requests the Court allow three documents to be filed under seal: (i) Schedule A to Plaintiff's Complaint; (ii) Defendant's Infringing Evidence; and (iii) Summonses as

to Defendants. In compliance with L.R. 5.4(b), Plaintiff's Motion to Seal sets forth the factual and legal basis for departing from the policy that Court filings are public and describes the documents to be sealed without attaching or revealing the content of the proposed sealed material.

3. Plaintiff has also prepared an *Ex Parte* Application seeking temporary *ex parte* relief, an *Ex Parte* Motion for alternate service under Federal Rule of Civil Procedure 4(f)(3) pursuant to L.R. 5.4(d), and an Motion for expedited third-party discovery using the CM/ECF events specifically earmarked for *ex parte* filings, which requires, unless the Court directs otherwise, that *ex parte* filings be restricted from public view. These motions are being filed separately at ECF Nos. 8, 9 and 10.

4. As noted in Plaintiff's *Ex Parte* Application, filed at ECF No. 8, Plaintiff has verified that this Court has personal jurisdiction over each Defendant. Plaintiff's Complaint alleges the Court has personal jurisdiction over each defendant, because each defendant directly targets business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce stores operating under the seller aliases ("Seller Aliases") and has sold products that infringe Plaintiff's federally registered trademark in this district. (Compl. ¶¶ 2, 5, 9-11, 26.) The Eleventh Circuit has held that Florida's long-arm statute permits jurisdiction over a nonresident defendant who commits a tort outside of the state that causes injury inside the state. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Further, the Eleventh Circuit has specifically stated that trademark claims under the Lanham Act allege tortious acts for long-arm purposes. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013).

5. Additionally, Plaintiff's *Ex Parte* Application sets forth the requisite elements and establishes entitlement to the relief with regard to each Defendant.

6. Moreover, because Plaintiff is filing its Application at ECF No. 8 without notice to Defendants, Plaintiff is attaching the Declaration of Andrew J. Palmer, who is Plaintiff's counsel, to its Application to certify why *ex parte* relief is warranted and the reasons as to why notice to Defendants in this matter should not be required.

7. Plaintiff's *Ex Parte* Motion for alternate service under Federal Rule of Civil Procedure 4(f)(3), filed at ECF No. 9, encompasses the Court's requirements for such motions and attaches sworn declarations regarding each Defendant's purported domicile and the efforts Plaintiff has undertaken to verify any physical addresses. Plaintiff's *Ex Parte* Motion for alternate service further specifies the form of alternate service being requested and whether these forms are permitted by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents as to each Defendant's purported domicile. In addition, Plaintiff's Motion for expedited third-party discovery, filed at ECF No. 10, which seeks the identities and contact information of Defendants from e-commerce platform, is necessary to effectuate electronic service.

8. Accordingly, Plaintiff respectfully submits its refiled motion at ECF No. 4, and its *Ex Parte* Motions filed at ECF Nos. 8, 9 and 10, is being filed in compliance with the terms of the Court's Omnibus Order.

May 30, 2025                                   Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed the 30th day of May 2025, in Fort Lauderdale, Florida.

/s/ Andrew J. Palmer
Andrew J. Palmer