UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22251-BLOOM/Elfenbein

ENLAI ZHU,

    Plaintiff,

v.

THE PARTNERSHIPS UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On May 19, 2025, the Court entered an Omnibus Order Regarding Schedule "A" Cases ("Omnibus Order"), ECF No. [5]. On June 2, 2025, Plaintiff filed the following Motions: (1) Renewed Motion for Leave to File Under Seal, ECF No. [7]; (2) *Ex Parte* Motion for Entry of a Temporary Restraining Order, ECF No. [8]; (3) Motion for Electronic Service of Process, ECF No. [9]; and (4) Motion for Leave to Conduct Expedited Third-Party Discovery, ECF No. [10]. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motions are denied.

In the Omnibus Order, the Court ordered Plaintiff to comply with certain requirements, including, but not limited to, "[a]ny motion for entry of temporary restraining order or for entry of preliminary injunction must include detailed steps Plaintiff has taken to verify that this Court has personal jurisdiction over [each] Defendant," and "[a]ny motion for alternate service upon Defendants must state what methods Plaintiff has undertaken to effectuate service." ECF No. [5]

at 2, 3. The Court further noted that any motion to seal "shall be denied with leave to refile only after all the requirements of this Order have been complied with and only once the exceptional circumstances required to grant such a motion have been shown." *Id.* at 5.

While Plaintiff did file a Response to the Court's Omnibus Order, Plaintiff failed to comply with the requirements set forth therein. ECF No. [6]. For example, Plaintiff's Motion for a Temporary Restraining Order fails to establish that the Court has personal jurisdiction over each Defendant. *See* ECF No. [8]; ECF No. [5] at 2. As the Eleventh Circuit has previously recognized, "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002). Thus, Plaintiff must sufficiently allege this Court's jurisdiction over each Defendant pursuant to Florida Statutes § 48.193(1)(a)(1)–(2) and § 48.193(1)(a)(6), or, in the alternative, Rule 4(k) of the Federal Rules of Civil Procedure.

Further, in the Motion for Electronic Service of Process, Plaintiff failed to detail the proposed method of service for each Defendant, the domicile of each Defendant, and what reasonable efforts were undertaken to discover each Defendant's domicile. ECF No. [9]; *see* ECF No. [5] at 3-4. As noted by Plaintiff, "[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" ECF No. [9] at 2 (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citations omitted)). Should Plaintiff choose to refile, any motions must comply with the requirements set forth in the Court's Omnibus Order.[1]

---

[1] Because the Court is striking Plaintiff's Motion for Entry of a Temporary Restraining Order, the Court finds that no good cause exists to allow expedited discovery at this juncture. *See Mineola v. Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) ("A district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016))).

Case No. 25-cv-22251-BLOOM/Elfenbein

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, **ECF No. [8]**, is **DENIED**.

2. Plaintiff's Motion for Electronic Service of Process, **ECF No. [9]**, is **DENIED**.

3. Plaintiff's Renewed Motion for Leave to File Under Seal, **ECF No. [7]**, is **DENIED**.

4. Plaintiff's Renewed Motion for Leave to Conduct Expedited Third-Party Discovery, **ECF No. [10]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record