UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22251-BLOOM

Enlai Zhu

         Plaintiff,

 v.

The Partnerships, Unincorporated Associations Identified
on Schedule "A",

         Defendants.
_____/

## PLAINTIFF'S RENEWED MOTION TO FILE UNDER SEAL

  Pursuant to Local Rule 5.4(b)(1), Plaintiff, Enlai Zhu ("Plaintiff"), by and through its undersigned counsel, resubmits this Motion to File Under Seal in compliance with the Court's Paperless Order [ECF No. 5]. Plaintiff seeks an Order allowing Plaintiff to file under seal Schedule "A" to Plaintiff's Complaint, which identifies the Defendants and the information associated with their financial accounts at issue. For the same reasons, Plaintiff also seeks an Order allowing Plaintiff to file the Summonses in this matter under seal.

  Good cause exists for the foregoing order. Plaintiff has learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's registered trademarks within this district, without authorization, through various Internet based e-commerce stores. Defendants' counterfeiting and infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill associated with Plaintiff's brand. Accordingly, Plaintiff is seeking *ex parte* relief in this action.

Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their unlawful businesses. In light of the illicit nature of the counterfeiting business and the ability of counterfeiters to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. *See Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *19 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings). As Defendants engage in unlawful trademark counterfeiting activities, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal trademark law.

Plaintiff requests that Schedule "A" to Plaintiff's Complaint and the Summonses remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief. If the Court grants Plaintiff's requests for temporary *ex parte* relief, Plaintiff further requests that the Court's Order thereon be sealed until, at least, the relief ordered therein has been effectuated. At that time, Plaintiff will move to unseal, will make all pleadings and orders filed in this matter available to Defendants and will enter Defendants' names into the Court's CM/ECF system.

DATED: June 30, 2025.              Respectfully submitted,
                                   /s/ Andrew J. Palmer
                                   Andrew J. Palmer

Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***