# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-22251-BLOOM/Elfenbein

Enlai Zhu,

                          *Plaintiff*,

   v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

                          *Defendants*.

_____ /

### PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY
### <u>INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

Plaintiff, Enlai Zhu ("Enlai Zhu" or "Plaintiff"), hereby moves the Court to convert the
Temporary Restraining Order [DE 16] issued in this matter into a preliminary injunction against
Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on
Schedule A hereto ("Defendants") pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, The All Writs
Act, 28 U.S.C. § 1651(a), and this Court's inherent authority. Plaintiff further requests a hearing
on the requested injunctive relief pursuant to Local Rule 7.1(b)(2). In support thereof, Plaintiff
submits the following memorandum of law.

**Introduction**

Plaintiff filed the instant civil action to combat the willful and intentional counterfeiting and infringement of its federally registered trademark 尚官 (referred herein phonetically as the "SHANGGUAN" mark) under U.S. Trademark Registration No. 7,465,986. *See* DE 13-1.

The same findings that led the Court to enter the Temporary Restraining Order ("TRO") [DE 16], on July 2, 2025, warrant the entry of a preliminary injunction that continues to prohibit Defendants' further use of Plaintiff's trademark pending a final determination on the merits.

The Court entered the TRO against Defendants based upon Plaintiff's evidence showing that each Defendant is knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's registered trademark within this district and throughout the United States by operating Internet based e-commerce stores under the seller names identified on Schedule A hereto (the "E-commerce Store Names" or "Seller Aliases"). Specifically, Plaintiff has provided evidence clearly demonstrating that each Defendant: (a) is engaged in the advertising, offering for sale, and sale of counterfeit and infringing versions of Plaintiff's goods; and (b) accomplish its sales of counterfeit goods via the Internet using, at least, e-commerce stores operating under the E-commerce Store Names. Based on this evidence, Plaintiff's Complaint alleges claims for trademark counterfeiting and infringement, and false designation of origin.

Each Defendant's infringing conduct has caused significant harm to Plaintiff's economic interests, reputation, and the commercial value of its trademark. To continue to preserve the disgorgement remedy and all other equitable remedies available, Plaintiff requests that the Court convert the TRO to a preliminary injunction that continues to prohibit Defendants' use of "SHANGGUAN" mark and the restraint of Defendants' assets.

## Statement of Facts

### A.  Plaintiff's Trademark Rights

Plaintiff is the owner of all rights, title and interest in the SHANGGUAN mark, U.S. Trademark Registration No. 7,465,986. *See* DE 13-1. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled.

The SHANGGUAN mark, consisting of two Chinese characters, is distinctive, signaling to consumers that the products come from authorized retailers. *See* Decl. of Zhu, [DE 13-2, ¶ 4]. The SHANGGUAN mark is well recognized when associated with various towel products, especially with compressed travel and facial towels. *Id.* ¶6. Genuine products bearing the SHANGGUAN mark are distributed through authorized e-commerce merchants over third-party e-commerce platforms, such as Walmart.com. *Id.* ¶8.

The registration for the SHANGGUAN mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the SHANGGUAN mark pursuant to 15 U.S.C. §1057(b). The registration of the SHANGGUAN mark also provides constructive notice to all Defendants of the ownership and exclusive rights of the SHANGGUAN mark. *See* Decl. of Zhu, [DE13-2, ¶4].

### B.  Defendants' Wrongfully Uses Plaintiff's Trademark

The success of SHANGGUAN has unfortunately attracted significant counterfeiting and/or infringing activities. Defendants do not have, nor have they ever had, the right or authority to use the SHANGGUAN mark for any purpose. *Id.* ¶7. However, despite their known lack of authority to do so, Defendants are promoting and otherwise advertising, distributing, offering for sale, and/or selling, through their respective E-commerce Store Names, goods bearing counterfeit trademark that are exact copies of one or more of the SHANGGUAN mark, without authorization. *Id.* Unauthorized individuals and entities have exploited the SHANGGUAN trademark, the reputation

and the goodwill established by the SHANGGUAN brand within the industry, selling low-quality imitation counterfeits of SHANGGUAN products. *Id.*

Upon a closer examination of Defendants' product listings revealed that none of Defendants disclosed any information suggesting they were engaged in reselling SHANGGUAN products. Defendants' activities amount to nothing more than unlawful operations, infringing on Plaintiff's trademark rights. *Id.* ¶¶8-12. Defendants' e-commerce stores and associated payment accounts are a substantial part of how Defendants further their scheme. Additionally, it was apparent from customer complaints that customers were under the impression they had purchased genuine SHANGGUAN products from Defendants' online stores. *Id*. ¶¶13-14.

Plaintiff's well-pleaded allegations regarding the registration patterns of Defendants' online stores, similarities among their operations under their Seller Aliases, and common tactics employed to evade enforcement efforts establish a logical connection among Defendants and that Defendants are likely interrelated.

## Procedural Background

On May 15, 2025, Plaintiff filed its Complaint, [DE 1], against Defendants for trademark counterfeiting and infringement and false designation of origin. On July 1, 2025, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, [DE 13]. On July 2, 2025, this Court issued the Temporary Restraining Order. [DE 16]. On July 14, 2025, Plaintiff filed the MOTION to Extend Temporary Restraining Order [DE 21]. Pursuant to the TRO Order, Plaintiff posted its required bond on July 10, 2025.

Pursuant to the Order on Plaintiff's Motion for Alternate Service [DE 17], Plaintiff emailed Defendants, using the addresses provided by the third-party platform, the Complaint, the renewed TRO Motion, the sealed TRO Order, and the Summons, and the link to all relevant documents: https://cloud.palmerlawgroup.com/index.php/s/2L2U3RvcifZJIby. *See* DE 23 and 24.

4

Plaintiff now moves the Court to convert the Temporary Restraining Order into a preliminary injunction against Defendants and requests a hearing on the requested injunctive relief pursuant to Local Rule 7.1(b)(2).

## Argument

### A.  A Preliminary Injunction is Essential to Prevent Irreparable Injury.

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that a Court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Plaintiff has served Defendants with a copy of the TRO, together with all other documents filed in this matter, thereby providing notice to Defendants. *See* DE 23 and 24.

Each Defendant fraudulently promotes, advertises, offers to sell, and sells goods bearing counterfeits and infringements of the SHANGGUAN mark via their e-commerce stores using the E-commerce Store Names. By its actions, each Defendant is creating a false association in the minds of consumers between itself and Plaintiff. Specifically, Defendants are wrongfully using counterfeits and infringements of the SHANGGUAN mark to increase consumer traffic to their illegal operations.

Absent a preliminary injunction, Defendants can and, based upon Plaintiff's counsel's experience, will likely significantly alter the status quo before the Court can determine the parties' respective rights. In particular, the Internet based e-commerce stores at issue are under Defendants' complete control. Thus, each Defendant can change the ownership or modify its e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the seller aliases. *See* Decl. of Palmer [DE 13-6, ¶11]. Such modifications can happen in a short span of time after Defendants are provided with notice of this action. *Id*. Thus, each Defendant can easily electronically transfer and secret the funds sought to be restrained and thereby thwart the Court's ability to grant meaningful

relief and can completely erase the status quo. *Id.* ¶13. As each Defendant engages in unlawful counterfeiting activities, Plaintiff has no reason to believe they will make their assets available for recovery pursuant to an accounting of profits or other equitable remedies or will adhere to the authority of this Court any more than they have adhered to federal trademark law. *Id.* ¶12.

Thus, this Court should prevent an injustice from occurring by converting the TRO into a preliminary injunction that continues to preclude Defendants from displaying their infringing content via the e-commerce stores or modifying or deleting any related content or data to prevent ongoing irreparable harm and maintain the status quo.

**B.  The Four Factors That Warranted Entry of a TRO Continue to Favor Entry of a Preliminary Injunction.**

In this Circuit, the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same. *See Emerging Vision, Inc. v. Glachman*, Case No. 10-cv-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) (citing *Siegel v. LePore*, 120 F. Supp. 2d 1041 (S.D. Fla. 2000) aff'd 234 F.3d 1163 (11th Cir. 2000)). To obtain a preliminary injunction, a party must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of the relief would serve the public interest." *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets).

Plaintiff's evidence establishes all of the relevant factors.

1.  <u>Plaintiff Is Likely Succeed on the Merits of the Trademark Infringement Claims</u>

To establish trademark infringement, a plaintiff needs to prove: "(1) that its valid mark was used in commerce by the defendant without consent, and (2) that the unauthorized use was likely

to cause confusion, to cause mistake, or to deceive." *Dieter v. B & H Indus. of S.W. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). Similarly, a false designation of origin claim requires (1) that the plaintiff has enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two. *Custom Mfg. & Eng'r., Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007).

   a)  *Validity, ownership, and Defendant's unauthorized use*

Here, Plaintiff has established both the validity and its ownership of the trademark in question. *See* DE 13-1; *see also* 13-2, ¶4. Plaintiff's SHANGGUAN mark, under U.S. Trademark Registration No. 7,465,986 is valid, subsisting, unrevoked and unchallenged. The registration for the SHANGGUAN mark creates a *prima facie* presumption of validity of a trademark. 15 U.S. § 1114(1). *See also Jordan Intern., Inc. v. United Industries Sales Organization, Inc.*, 699 F. Supp. 268 (S.D.Fla. Feb. 22, 1988). Further, Defendants' unauthorized use of the SHANGGUAN mark on competing goods is documented in the infringing evidence. *See* Decl. of Zhu, [DE 13-2, ¶¶8-12]. Plaintiff has never licensed, assigned, or otherwise consented to that use. *See Id*. ¶13.

Therefore, Plaintiff's valid trademark registration and Defendants' unauthorized use satisfies this prong of the test for trademark infringement.

   b)  *Likelihood of confusion*

The Eleventh Circuit uses a seven-factor test in determining the likelihood of confusion. *See Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1506 (11th Cir. 1985). These factors are: (1) the strength of the mark; (2) the similarity of marks; (3) the similarity of the goods; (4) similarity of the sales methods; (5) the similarity of advertising media; (6) defendant's intent; and (7) evidence of actual confusion. Bee 675 F.2d 1160, 1164 (11th Cir. 1982). *Id*.; *see also Lipscher*

*v. LRP Publ'ns, Inc.,* 266 F.3d 1305, 1303 (11th Cir. 1997). The seven factors listed are to be weighed and balanced and no single factor is dispositive. *Id.*

In addition, Plaintiff has demonstrated that Defendants unauthorized use of the SHANGGUAN mark likely caused confusion to the consumers and created a false association to the SHANGGUAN brand.

The SHANGGUAN mark, consisting of two Chinese characters unrelated to towel products, is inherently distinctive and sits on the strongest end of the trademark spectrum. *See* Decl. of Zhu, [DE 13-2, ¶3]. By using the identical mark on their infringing products and advertising on the same e-commerce platforms, where authorized sellers promote and sell genuine SHANGGUAN products, the likelihood of confusion is apparent. *Id.* ¶¶9-15, 22. Defendants' actions, including unfair competition and selling at lower prices, suggest an intent to deceive consumers.

Individually and collectively, these facts demonstrate that Defendants are willfully and deliberately infringing on Plaintiff's SHANGGUAN mark. *See Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *14 (S.D. Fla. Mar. 25, 2022) ("Where a party produces counterfeit goods, there is a presumption of likelihood of confusion."). Further, courts have found that evidence of constructive knowledge or evidence of willful blindness is sufficient to establish specific acts of direct infringement. *See Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1314-1315 (11th Cir. Aug. 7, 2019); *see also Frehling Enterprises, Inc. v. International Select Group, Inc.*, 192 F.3d 1330, 1339 (Oct. 19, 1999) ("The parties' outlets and customer bases need not be identical, but some degree of overlap should be present."). Courts have suggested that the stronger the case for willful blindness, the stronger the case for consumer confusion. Indeed, this Circuit has held that, "[d]issimilarities between the retail outlets for and the predominant customers of plaintiff's and defendant's goods lessen the possibility of confusion,

8

mistake, or deception." *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 262 (5th Cir. 1980), cert. denied 449 U.S. 899 (1980).

In conclusion, Plaintiff has established that it is more likely to succeed on the merits of the trademark infringement claims.

2. <u>There is No Adequate Remedy at Law, Plaintiff is Suffering and will Continue to Suffer Irreparable Harm in the Absence of Preliminary Relief</u>

Once Plaintiff establishes a likelihood of success on the merits, there is a presumption, established through case law and a recent amendment to the Lanham Act, that Plaintiff will suffer irreparable harm in the absence of preliminary relief. *See* 15 U.S.C. § 1116(a); *see also Hill v. Dinges*, 3:21-CV-165-MMH-PDB, at *11 n.5 (M.D. Fla. Sep. 13, 2021) (applying presumption); *Tiramisu Intern, LLC v. Clever Imports LLC*, 741 F.Supp.2d 1279 (S.D. Fla. Aug. 11, 2010). Without equitable relief in the form of an injunction and asset freeze, Plaintiff is unable to be assured the availability of permanent relief later. *Levi Strauss Co. v. Sunrise Intern. Trading*, 51 F.3d 982 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)). Notably, trademark actions "are common venues for the issuance of preliminary injunctions." *Foxworthy v. Custom Tees, Inc.*, 879 F.Supp. 1200, 1219 (N.D.Ga. 1995) (internal citation omitted). Courts have found irreparable harm to be satisfied where the infringers' unauthorized use of Plaintiff's intellectual property causes confusion among consumers and damages business reputation and brand confidence. *Id*.

Here, consumer confusion is evident as consumers would not be able to identify a genuine SHANGGUAN product from the counterfeit products advertised and sold by Defendants. *See* Decl. of Zhu, [DE 13-2, ¶¶9-15]. Further, Plaintiff has effectively demonstrated that it has incurred lost sales directly attributable to Defendants' willful infringement, and there is a compelling indication of potential future sales losses, supporting a finding of irreparable harm. *Id*. ¶¶19-26.

In addition, given that Defendants conceal their true identities and operate from outside the United States, it is unlikely that Plaintiff can recover monetary damages award they might obtain. *Id*. at ¶¶ 15, 19, 24; *see also* Decl. of Palmer, [DE 13-6, ¶¶11-14]. Further, foreign online perpetrators such as Defendants are likely to cause irreparable harm by avoiding judgments rendered in United States courts. *Id*.; *see also* Decl. of Palmer, [DE 13-6, ¶18]; *Foodcomm Int'l v. Barry*, 328 F.3d 300, 305 n.2 (7th Cir. 2003) (holding that the plaintiffs established a likelihood of irreparable injury with no adequate remedy at law where the defendants were Australian citizens with "no significant assets in the United States").

Thus, without injunctive relief, Plaintiff is suffering and will continue to suffer irreparable harm, including financial loss and reputational damage, which cannot be adequately remedied.

3.  <u>The Balance of Hardship Tips Sharply in Plaintiff's Favor, and The Public Interest Will be Served with Entry of the Sought Injunctive Relief</u>

"When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc*., 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement of the plaintiff's trademark." *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n.*, 929 F. Supp. 473, 478 (D.D.C. 1996).

Courts in this district have held that the likelihood of confusion should be considered in evaluating the balance of harm to Plaintiff. *YETI Coolers, LLC v. Individuals, Business Entities, and Unincorporated Associations Identified on Schedule A*, 566 F.Supp.3d 1333 (S.D. Fla. Oct. 14, 2021). Similarly, the public interest would be served by an injunction. Trademark infringement

"encroaches on the right of the public to be free of confusion as well as the synonymous right of the trademark owner to control his products' reputation." *TracFone Wireless, Inc. v. Hernandez*, 196 F.Supp.3d 1289 (S.D.Fla. July 21, 2016).

Therefore, the public interest favors issuance of the temporary restraining order in order to protect Plaintiff's respective trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods. *Id.; see also Acushnet Company v. 72golfshop.com*, Case No.: 14-cv-61184 (S.D.Fla. June 5, 2014); *Chanel, Inc. v. designerchanelgirl.com*, Case No.: 20-cv-62447 (S.D.Fla. Dec. 7, 2020).

Finally, an infringer cannot complain about the loss of ability to offer its infringing product. *Warner Bros. Entm't Inc. v. RDR Books*, 575 F.Supp.2d 513, 553 (S.D.N.Y. 2008) (citing *My–T Fine Corp. v. Samuels*, 69 F.2d 76, 78 (2d Cir. 1934)) (Hand, J.). There can be no harm to Defendants since an injunction will merely require that they comply with the law, namely, the Lanham Act. *See Capitol Records v. Zahn*, Case No. 3:06-0212, 2007 WL 542816 at *4 (M.D. Tenn. Feb. 16, 2007). In contrast, "the wrongful denial of injunction may well encourage others to do what defendants have done, thus increasing the injury to [Plaintiff] and inflicting expense on [Plaintiff] to defend [its] intellectual property interests." *Ty, Inc. v. Publications Intern., Ltd.*, 81 F.Supp.2d 899, 903 (N.D.Ill., 2000).

In the instant case, the evidence establishes that Defendants intentionally promoted, advertised, and offered for sale their infringing products for the purpose of financial gain. Given that an injunction is sought to halt Defendants' unlawful profit-making activities, the balance of equities unquestionably tips in Plaintiff's favor.

Further, an injunction against defendants also serves the public interest by upholding trademark integrity, protecting consumers, and maintaining fair competition.

Finally, an injunction would enhance the Court's authority in delivering effective relief. Plaintiffs have valid concerns over potential recovery because, without an injunction, Defendants will unlikely make their assets available for recovery or adhere to the authority of this Court.

### The Equitable Relief Sought by Plaintiff is Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

### A. The Preliminary Injunction Should Continue to Enjoin Defendants' Unauthorized and Unlawful Use of Plaintiff's Trademarks.

Plaintiff requests the Court to convert the TRO to a preliminary injunction that continues to require Defendants to cease all use of the SHANGGUAN mark in connection with the e-commerce stores they own and operate, or control. Such relief is necessary to continue to stop the ongoing harm to Plaintiff's trademark and goodwill and to prevent Defendants from continuing to benefit from the increased consumer traffic to their unlawful operations created by their unlawful use of the SHANGGUAN mark. Many courts, including this Court, have authorized injunctive relief in similar cases involving the unauthorized use of trademarks.

### B. The Preliminary Injunction Should Continue the Restraint of Defendants' Assets

In addition to converting the Temporary Restraining Order to a preliminary injunction that continues to enjoin Defendants' unlawful practices, the Court's preliminary injunction should continue to limit the transfer of Defendants' unlawfully gained assets. Plaintiff has demonstrated above that it will likely succeed on the merits of its claims. Under 15 U.S.C. § 1117, Plaintiff will be entitled to an accounting and payment of the profits earned by each of Defendants throughout the course of their counterfeiting scheme. 15 U.S.C. § 1117(a).

This Court has broad authority to grant such an order. The Supreme Court has provided that district courts have the power to grant injunctive relief to prevent a defendant from transferring assets in cases where an equitable interest is claimed. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc*., 527 U.S. 308, 144 L. Ed. 2d 319, 119 S. Ct. 1961 (1999). Almost every Circuit has interpreted Rule 65 of the Federal Rules of Civil Procedure to grant authority to courts to restrain assets *pendente lite. See Mason Tenders Dist. Council Pension Fund v. Messera*, 1997 WL 223077 (S.D.N.Y. May 7, 1997) (acknowledging that "[a]lmost all the Circuit Courts have held that Rule 65 is available to freeze assets *pendente lite* under some set of circumstances").

Considering the illicit nature of the counterfeiting business and the ability of counterfeiters to eliminate their evidentiary trails by conducting their business over the Internet, courts in the Eleventh Circuit have particularly noted the significance of such asset restraints in cases involving counterfeiting defendants. *See, e.g., Levi Strauss & Co. v. Sunrise Int'l Trading*, 51 F.3d 982 (11th Cir. 1995); *see also Reebok Int'l Ltd. v. Marnatech Enter*., 737 F. Supp. 1521 (S.D. Cal. 1989), *aff'd*, 970 F.2d 552 (9th Cir. 1992).

Using the power to issue provisional remedies ancillary to their authority to provide final equitable relief, numerous courts have granted orders restraining defendants from transferring their assets under trademark infringement claims. *See, e.g., Levi Strauss*, 51 F.3d at 987; *Reebok Int'l Ltd*., 970 F.2d at 559. In this case, each Defendant's blatant violations of federal trademark laws warrant a preliminary injunction continuing the restraint of its respective assets.

**C.  The Posted Bond is Sufficient to Secure the Injunction.**

Under Rule 65(c) of the Federal Rules of Civil Procedure, the Court has discretion to determine the appropriate bond amount. Plaintiff respectfully requests that the previously posted bond of $10,000 remain in place to secure the injunction.

This bond is reasonable  considering the unequivocal nature of Defendants' infringing activities. The bond is sufficient to cover any damages Defendants may incur if the injunction is later found to be wrongful, while ensuring the integrity of the judicial process.

### D.  Request for Hearing

In accordance with Local Rule 7.1(b)(2) and pursuant to Federal Rule of Civil Procedure 65(b)(3), Plaintiff respectfully requests the Court schedule a hearing on the instant Motion to allow Defendants to challenge the appropriateness of the current TRO, or to oppose this Motion.

<u>Conclusion</u>

Defendants' actions have caused irreparable harm to Plaintiff's trademark rights and business. Plaintiff has demonstrated a likelihood of success on the merits and the need for immediate injunctive relief to prevent further irreparable harm. The requested preliminary injunction is in the public interest, and the bond posted adequately secures the injunction.

Therefore, Plaintiff respectfully requests that the Court convert the Temporary Restraining Order into a Preliminary Injunction and maintain the posted bond.

DATED: July 16, 2025.                          Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
*Attorney for Plaintiff*

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|:---:|:---:|:---|
| 1 | bfogop | https://www.walmart.com/global/seller/101664703 |
| 2 | ankasha | https://www.walmart.com/global/seller/101591010 |
| 3 | NAMANYLE | https://www.walmart.com/global/seller/101224641 |
| 4 | Sanlugu | https://www.walmart.com/global/seller/102489421 |
| 5 | zhuxiali | https://www.walmart.com/global/seller/102494779 |
| 6 | justhard | https://www.walmart.com/global/seller/101122342 |
| 7 | jinsenhg | https://www.walmart.com/global/seller/101098246 |
| 8 | XJVLianMY | https://www.walmart.com/global/seller/101574807 |
| 9 | akapiao | https://www.walmart.com/global/seller/102512090 |
| 10 | XiaoY-ens Co.Ltd | https://www.walmart.com/global/seller/101610751 |
| 11 | amousa | https://www.walmart.com/global/seller/101228971 |
| 12 | feiliansheng | https://www.walmart.com/global/seller/102488721 |
| 13 | Fnochy Co.Ltd | https://www.walmart.com/global/seller/101227201 |
| 14 | Ailytec Inc | https://www.walmart.com/global/seller/101116836 |
| 15 | LBLOE OFFICIAL | https://www.walmart.com/global/seller/101138877 |
| 16 | Zehuanyu | https://www.walmart.com/global/seller/102484391 |
| 17 | Apmemiss (USA) | https://www.walmart.com/global/seller/101518078 |
| 18 | HUOWAHWJJ | https://www.walmart.com/global/seller/101672390 |
| 19 | MOQLOM | https://www.walmart.com/global/seller/101615166 |
| 20 | Beisidaer | https://www.walmart.com/global/seller/101247771 |
| 21 | LiheShen | https://www.walmart.com/global/seller/101639705 |
| 22 | Yageerya | https://www.walmart.com/global/seller/101641452 |
| 23 | Crowdstar | https://www.walmart.com/global/seller/101285425 |
| 24 | Miangastore | https://www.walmart.com/global/seller/101565375 |
| 25 | feishke | https://www.walmart.com/global/seller/101685318 |
| 26 | Dreamhall | https://www.walmart.com/global/seller/101246739 |
| 27 | Veronic | https://www.walmart.com/global/seller/101524237 |
| 28 | NCHkunZ | https://www.walmart.com/global/seller/102706232 |
| 29 | Awdenio Official Store | https://www.walmart.com/global/seller/101525274 |
| 30 | JianHong | https://www.walmart.com/global/seller/102754025 |
| 31 | stiyth Co.Ltd | https://www.walmart.com/global/seller/101484890 |
| 32 | Homelifegood | https://www.walmart.com/global/seller/101177866 |
| 33 | huajuming | https://www.walmart.com/global/seller/102507939 |
| 34 | xmstylereal | https://www.walmart.com/global/seller/101628868 |
| 35 | HeZeFengGangWang | https://www.walmart.com/global/seller/101290211 |
| 36 | YXEEYCHEN | https://www.walmart.com/global/seller/101678897 |
| 37 | Kayannuo Store | https://www.walmart.com/global/seller/101218043 |
| 38 | LoTiSee | https://www.walmart.com/global/seller/101191643 |
| 39 | WORPBOPE | https://www.walmart.com/global/seller/101628871 |
| 40 | jianteyi | https://www.walmart.com/global/seller/101677879 |

| | | |
|---|---|---|
| 41 | ShenZhenShiNuoWeiTongDianZ iShangWuYouXianGongSi | https://www.walmart.com/global/seller/101614829 |
| 42 | vovofine Co., LTD | https://www.walmart.com/global/seller/101294133 |
| 43 | Lierteer Homelife | https://www.walmart.com/global/seller/101137320 |
| 44 | luolangdi | https://www.walmart.com/global/seller/101551870 |
| 45 | Youworth | https://www.walmart.com/global/seller/101677953 |
| 46 | HARFELL | https://www.walmart.com/global/seller/101108069 |
| 47 | Happy Life | https://www.walmart.com/global/seller/101126200 |
| 48 | Awwp Fashion Makeup | https://www.walmart.com/global/seller/101668382 |
| 49 | Smarthome | https://www.walmart.com/global/seller/101111998 |
| 50 | meiduo | https://www.walmart.com/global/seller/102641461 |
| 51 | Alaparte Travel Essentials | https://www.walmart.com/global/seller/101295787 |
| 52 | Dopebox | https://www.walmart.com/global/seller/101179996 |
| 53 | Anko Makeup Cosmobeauty | https://www.walmart.com/global/seller/101661457 |
| 54 | IHGEHA | https://www.walmart.com/global/seller/101684463 |
| 55 | Spshop | https://www.walmart.com/global/seller/101623517 |
| 56 | Safini | https://www.walmart.com/global/seller/101273412 |
| 57 | WRKEKC | https://www.walmart.com/global/seller/101647643 |
| 58 | kala manda Co., Ltd. | https://www.walmart.com/global/seller/101252531 |
| 59 | Mouliraty | https://www.walmart.com/global/seller/101596267 |
| 60 | Yafix | https://www.walmart.com/global/seller/101252564 |
| 61 | Joyfeel Co.Ltd | https://www.walmart.com/global/seller/101664396 |
| 62 | OXM MALL | https://www.walmart.com/global/seller/101071028 |
| 63 | Shannoy | https://www.walmart.com/global/seller/101564343 |
| 64 | Recardis | https://www.walmart.com/global/seller/101564726 |
| 65 | ShowNew | https://www.walmart.com/global/seller/101223699 |
| 66 | EJWQWQE | https://www.walmart.com/global/seller/101293932 |
| 67 | FFinal | https://www.walmart.com/global/seller/101662884 |
| 68 | PuBiaoSheng | https://www.walmart.com/global/seller/102510162 |
| 69 | YHJSGKJ | https://www.walmart.com/global/seller/101611939 |
| 70 | JABUUO | https://www.walmart.com/global/seller/101636003 |
| 71 | Yoziaaoa | https://www.walmart.com/global/seller/101591744 |
| 72 | miaomiaohongyun | https://www.walmart.com/global/seller/102506859 |
| 73 | Lixmnse | https://www.walmart.com/global/seller/101653482 |
| 74 | Yy' choice Co.Ltd | https://www.walmart.com/global/seller/101266646 |
| 75 | senveriont | https://www.walmart.com/global/seller/102487840 |
| 76 | YingTaiLi | https://www.walmart.com/global/seller/101646295 |
| 77 | HPing | https://www.walmart.com/global/seller/102753973 |
| 78 | AQYK Co.Ltd | https://www.walmart.com/global/seller/102487436 |
| 79 | JYS Co.Ltd | https://www.walmart.com/global/seller/102489168 |
| 80 | Taosunzt Co.Ltd | https://www.walmart.com/global/seller/102525283 |
| 81 | Outoloxit | https://www.walmart.com/global/seller/101529747 |
| 82 | ZCKK Co.Ltd | https://www.walmart.com/global/seller/102492221 |

| 83 | Yangbaojing | https://www.walmart.com/global/seller/102491534 |
|---|---|---|
| 84 | burgeoning | https://www.walmart.com/global/seller/102501281 |
| 85 | LongYTong | https://www.walmart.com/global/seller/101185197 |
| 86 | MLINS | https://www.walmart.com/global/seller/101135401 |
| 87 | ZEXING | https://www.walmart.com/global/seller/101656853 |
| 88 | BaiYangYang | https://www.walmart.com/global/seller/102505624 |
| 89 | Sharpstar Co.Ltd | https://www.walmart.com/global/seller/101267706 |
| 90 | Beauty Express | https://www.walmart.com/global/seller/101127630 |
| 91 | kangtai keji | https://www.walmart.com/global/seller/101360062 |
| 92 | destyer | https://www.walmart.com/global/seller/101129847 |
| 93 | Lanfini | https://www.walmart.com/global/seller/101197872 |
| 94 | Cimaronmall Co.Ltd | https://www.walmart.com/global/seller/101272964 |
| 95 | Twflaqlo | https://www.walmart.com/global/seller/101654434 |
| 96 | Ihhxbz | https://www.walmart.com/global/seller/101574188 |
| 97 | Home Decor Outlet | https://www.walmart.com/global/seller/101619095 |
| 98 | dabailunkeji | https://www.walmart.com/global/seller/101554926 |
| 99 | Hankins | https://www.walmart.com/global/seller/101566311 |
| 100 | maisidaer | https://www.walmart.com/global/seller/101593840 |
| 101 | HAPPY TIME | https://www.walmart.com/global/seller/101666082 |
| 102 | WanDaHeKang BSJJY | https://www.walmart.com/global/seller/101621005 |
| 103 | Vikakiooze | https://www.walmart.com/global/seller/101179403 |
| 104 | Smile Home | https://www.walmart.com/global/seller/101275513 |
| 105 | Wovilon | https://www.walmart.com/global/seller/101495861 |
| 106 | Ceise | https://www.walmart.com/global/seller/101205159 |
| 107 | Gerich | https://www.walmart.com/global/seller/101192850 |
| 108 | Beauty home | https://www.walmart.com/global/seller/101112644 |
| 109 | TuoKeFW | https://www.walmart.com/global/seller/101605617 |
| 110 | Ineffable Decor | https://www.walmart.com/global/seller/101177023 |
| 111 | yuedadang | https://www.walmart.com/global/seller/102619346 |
| 112 | Naierhg | https://www.walmart.com/global/seller/101211136 |
| 113 | Zelenfel | https://www.walmart.com/global/seller/101647623 |
| 114 | KABUDA | https://www.walmart.com/global/seller/101127803 |
| 115 | Kajove | https://www.walmart.com/global/seller/101555051 |
| 116 | yashili | https://www.walmart.com/global/seller/102486764 |
| 117 | taituoti | https://www.walmart.com/global/seller/101590202 |
| 118 | fangkenuo | https://www.walmart.com/global/seller/102507863 |
| 119 | Joy Home(UHUSE) | https://www.walmart.com/global/seller/101044654 |
| 120 | BrowQuartz | https://www.walmart.com/global/seller/101282237 |
| 121 | Weloille | https://www.walmart.com/global/seller/101497396 |
| 122 | JilgTeok | https://www.walmart.com/global/seller/101619194 |
| 123 | Mlless | https://www.walmart.com/global/seller/102555198 |
| 124 | xixinqiwan | https://www.walmart.com/global/seller/102525115 |
| 125 | Kiplyki | https://www.walmart.com/global/seller/101129803 |

| 126 | VerPetridure | https://www.walmart.com/global/seller/101177896 |
| 127 | MeiLian | https://www.walmart.com/global/seller/102645435 |
| 128 | chnxienz | https://www.walmart.com/global/seller/102482083 |
| 129 | AFQH | https://www.walmart.com/global/seller/101591015 |
| 130 | Homecarall | https://www.walmart.com/global/seller/101127817 |
| 131 | Goodhd | https://www.walmart.com/global/seller/101138045 |
| 132 | Lylong | https://www.walmart.com/global/seller/101677690 |
| 133 | Ofenier | https://www.walmart.com/global/seller/101105703 |
| 134 | Minxio | https://www.walmart.com/global/seller/102517055 |
| 135 | BULESON | https://www.walmart.com/global/seller/101256213 |
| 136 | BUYSIS TRADE | https://www.walmart.com/global/seller/101188285 |
| 137 | RichLink | https://www.walmart.com/global/seller/102516068 |
| 138 | chuanwen | https://www.walmart.com/global/seller/102520762 |
| 139 | hongsidarui | https://www.walmart.com/global/seller/102507532 |
| 140 | Hanifel | https://www.walmart.com/global/seller/101199439 |
| 141 | laisenwei | https://www.walmart.com/global/seller/102487758 |
| 142 | Geege | https://www.walmart.com/global/seller/101242647 |
| 143 | feidakeer | https://www.walmart.com/global/seller/102498292 |
| 144 | linyes | https://www.walmart.com/global/seller/102515913 |
| 145 | SWANG | https://www.walmart.com/global/seller/102561191 |
| 146 | kairuite | https://www.walmart.com/global/seller/101590998 |
| 147 | QianZunTeng | https://www.walmart.com/global/seller/102509897 |
| 148 | TRAWJHS | https://www.walmart.com/global/seller/102496195 |
| 149 | fengshengji | https://www.walmart.com/global/seller/102489072 |
| 150 | Verolina | https://www.walmart.com/global/seller/102597789 |
| 151 | Outlier | https://www.walmart.com/global/seller/101363456 |
| 152 | Haimni | https://www.walmart.com/global/seller/101565846 |
| 153 | Wuweikeji | https://www.walmart.com/global/seller/101591064 |
| 154 | beihedi | https://www.walmart.com/global/seller/102507709 |
| 155 | Sunshine Household | https://www.walmart.com/global/seller/101127443 |
| 156 | Zeraneb | https://www.walmart.com/global/seller/101582657 |
| 157 | FAIOROI Home | https://www.walmart.com/global/seller/101199857 |
| 158 | Sufanic | https://www.walmart.com/global/seller/101138308 |
| 159 | Koszal | https://www.walmart.com/global/seller/101043404 |
| 160 | Bosisa | https://www.walmart.com/global/seller/101556227 |
| 161 | YZHM | https://www.walmart.com/global/seller/101130752 |
| 162 | Ruestay Co.Ltd | https://www.walmart.com/global/seller/101663031 |
| 163 | XIANGerQVQ | https://www.walmart.com/global/seller/101693847 |
| 164 | zhihehui | https://www.walmart.com/global/seller/102577813 |
| 165 | JoyHoop | https://www.walmart.com/global/seller/101489825 |
| 166 | Zbosul | https://www.walmart.com/global/seller/101644184 |
| 167 | Marbhall | https://www.walmart.com/global/seller/101347584 |
| 168 | Pink Season | https://www.walmart.com/global/seller/101195031 |

| 169 | JoyPulse | https://www.walmart.com/global/seller/101350060 |
| 170 | Annes | https://www.walmart.com/global/seller/101182825 |
| 171 | WEIPEENSEE | https://www.walmart.com/global/seller/101689011 |
| 172 | Benafini | https://www.walmart.com/global/seller/101105705 |
| 173 | diluopei | https://www.walmart.com/global/seller/102494757 |
| 174 | Mingyiq Inc | https://www.walmart.com/global/seller/101137305 |
| 175 | senshengxin | https://www.walmart.com/global/seller/102506786 |
| 176 | nuoyada | https://www.walmart.com/global/seller/102506227 |
| 177 | KPLFUBK | https://www.walmart.com/global/seller/101495031 |
| 178 | YFind | https://www.walmart.com/global/seller/102515853 |
| 179 | chengsi | https://www.walmart.com/global/seller/101591838 |
| 180 | Xeyise | https://www.walmart.com/global/seller/101664450 |
| 181 | Yanerim | https://www.walmart.com/global/seller/101660251 |
| 182 | CFXNMZGR | https://www.walmart.com/global/seller/101121277 |
| 183 | KKUORA | https://www.walmart.com/global/seller/101632458 |
| 184 | Aqyh co.Ltd | https://www.walmart.com/global/seller/101692827 |
| 185 | Kmxyo | https://www.walmart.com/global/seller/101266839 |
| 186 | Just 4U | https://www.walmart.com/global/seller/101103056 |
| 187 | Opolski | https://www.walmart.com/global/seller/101044609 |
| 188 | Joernso | https://www.walmart.com/global/seller/101658932 |
| 189 | batmeuy | https://www.walmart.com/global/seller/101658983 |
| 190 | LIVEST Co.Ltd | https://www.walmart.com/global/seller/102481725 |
| 191 | Moocorvic | https://www.walmart.com/global/seller/101291167 |
| 192 | qinshafuzhuang | https://www.walmart.com/global/seller/101681658 |
| 193 | chidgrass | https://www.walmart.com/global/seller/101221969 |
| 194 | Zriyin | https://www.walmart.com/global/seller/102514225 |
| 195 | meizhenkk | https://www.walmart.com/global/seller/102706270 |
| 196 | nuoxiang | https://www.walmart.com/global/seller/102568260 |
| 197 | SOFEIYA HOME | https://www.walmart.com/global/seller/101556636 |
| 198 | jinzPJ | https://www.walmart.com/global/seller/101686557 |
| 199 | Sucyfini | https://www.walmart.com/global/seller/101084863 |
| 200 | UHGEAX | https://www.walmart.com/global/seller/101681957 |
| 201 | mingkeerda | https://www.walmart.com/global/seller/102555261 |
| 202 | YgkuHd Home | https://www.walmart.com/global/seller/102507704 |
| 203 | ermei tan | https://www.walmart.com/global/seller/101682780 |
| 204 | Hmoddpon | https://www.walmart.com/global/seller/101485859 |
| 205 | ikailun | https://www.walmart.com/global/seller/102486641 |
| 206 | guardung | https://www.walmart.com/global/seller/101134150 |
| 207 | zhimaoxi | https://www.walmart.com/global/seller/102486768 |
| 208 | satrino Co.Ltd | https://www.walmart.com/global/seller/101605626 |
| 209 | jukekeji | https://www.walmart.com/global/seller/102516944 |
| 210 | Beautiful Deber | https://www.walmart.com/global/seller/101184361 |