UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22251-BB

ENLAI ZHU,

    Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Acting via their designated legal representatives, fifty-three (53) defendants collectively identified on the attached Exhibit I ("Defendants") hereby respond in opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 25) ("PI Motion"). For the reasons below, the PI Motion should be denied because Plaintiff failed to establish personal jurisdiction over Defendants. Therefore, the Plaintiff's case has no substantial likelihood of success on the merits.

**I.   PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing its Complaint ("Complaint" or "Compl.") on May 15, 2025, asserting claims of trademark counterfeiting and infringement as well as false designation of origin against, among others, Defendants, relating to Plaintiff's U.S. Trademark (Registration No. 7,465,986) ("Plaintiff's Mark"). *See* Dkt. No. 1. It is significant that the Complaint includes only generalized accusations against collective defendants without any particularized factual assertions or specific statements directed at Defendants.

On June 2, 2025, Plaintiff filed its *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion for TRO") (Dkt. No. 8), which was denied by this Court (Dkt. No. 11). Subsequently, Plaintiff filed a Renewed Motion for TRO (Dkt. No. 13) on July 1, which was

1

granted by this Court (Dkt. No. 16). On July 14, Plaintiff submitted a Motion to Extend TRO (Dkt. No. 21), which was granted by the Court (Dkt. No. 22) and extended until July 23.

On July 16, Plaintiff filed its Motion for Preliminary Injunction ("PI Motion"), asking the Court to convert the TRO into a Preliminary Injunction and maintain the posted bond. Dkt. No. 25. On July 21, the Court entered an Order extending the TRO until August 5, 2025. Dkt. No. 33.

## II.     STATEMENT OF RELEVANT FACTS

Defendants are subsidiaries of Shenzhen Yafex E-Commerce Co., Ltd. ("Yafex"), a company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Tian'an Cloud Park Phase II, Building 11, Room 1401, Longgang District, Shenzhen, Guangdong, China. *See* Declaration of Fangyu Li in Support of Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("LF Decl.") at ¶ 3; Declaration of Hong Yang in Support of Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("Yang Decl.") at ¶ 3; Declaration of Juan Yi in Support of Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("Yi Decl.") at ¶ 3; Declaration of Qian Li in Support of Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("LQ Decl.") at ¶ 3. The products in dispute are compressed towels as displayed in Plaintiff's Declaration (Declaration of Zhu, Ex. 2 of Dkt. No. 13 at ¶ 9). Plaintiff's Accused Products correspond to a total of twenty-seven (27) Stock Keeping Units (SKUs) in Yafex's internal sales management system ("Accused Products"). LF Decl. at ¶ 10; Yang Decl. at ¶ 10; Yi Decl. at ¶ 10; LQ Decl. at ¶ 10.

As background information, none of the Defendants maintain any offices, employees, agents, bank accounts, or other physical presence in Florida, nor have had any manufacturing operations in the United States, including Florida. *See* LF Decl. at ¶¶ 5–6; Yang Decl. at ¶¶ 5–6; Yi Decl. at ¶¶ 5–6; LQ Decl. at ¶¶ 5–6. Also, as background information, a comprehensive search was conducted of Yafex's internal sales management system for a time period from the inception

2

of Defendants' operations on the Walmart e-commerce platform through the execution date(s) of the four supporting declarations. *See* LF Decl. at ¶ 13; Yang Decl. at ¶ 18; Yi Decl. at ¶ 15; LQ Decl. at ¶ 15. No sales data has been generated from any of the above 27 SKUs for any transactions involving customers in Florida. LF Decl. at ¶ 10; Yang Decl. at ¶ 10; Yi Decl. at ¶ 10; LQ Decl. at ¶ 10. None of the Accused Products identified by Plaintiff have ever been sold to or shipped to any customer in the State of Florida through the Walmart e-commerce platform. LF Decl. at ¶ 11; Yang Decl. at ¶ 11; Yi Decl. at ¶ 11; LQ Decl. at ¶ 11. Some of the Defendants have accrued income, at a *de minimis* total of U.S. Dollars $204.01, from sales of one or more of the Accused Products to customers in the United States (not including the State of Florida) through the Walmart e-commerce platform. *See* Yang Decl. at ¶¶ 13–17; Yi Decl. at ¶¶ 13–14; LQ Decl. at ¶¶ 13–14. Except those Defendants, none of the Accused Products identified by Plaintiff has ever been sold to or shipped to any customer in the United States through the Walmart e-commerce platform by the Defendants. LF Decl. at ¶ 12; Yang Decl. at ¶ 12; Yi Decl. at ¶ 12; LQ Decl. at ¶ 12.

### III. LEGAL STANDARD

A district court may grant a preliminary injunction only if the movant shows the following: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, 2023 WL 3704912, at *3 (11th Cir. May 30, 2023) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel*, 234 F.3d at 1176. A preliminary injunction is "an extraordinary remedy never awarded as of right." *Benisek v. Lamone*, 585 U.S. 155, 158 (2018).

Under governing principles of personal jurisdiction, the plaintiff must satisfy *both* Florida's

long-arm statute *and* federal due process requirements. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Honus Wagner Co. v. Luminary Grp. LLC*, 2017 WL 6547899, at *7 (S.D. Fla. Dec. 21, 2017).

Personal jurisdiction can be "general" or "specific." Specific personal jurisdiction is limited to claims that "arise out of or relate to" the defendant's contacts with the forum. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Florida's long-arm statute provides for specific jurisdiction in a number of circumstances. Copyright and trademark infringement qualify as torts that potentially support specific personal jurisdiction under Section 48.193(a)(1)(2), which provides that jurisdiction exists for "any cause of action arising from … [c]omitting a tortious act within [Florida]." FLA. STAT. § 48.193(1)(a)(2). *See Louis Vuitton*, 736 F.3d at 1353. The dispositive question under the Florida statute is whether the nonresident defendant "commits an act outside the state that causes injury within Florida." *Id.* (emphasis removed).

If Florida's long-arm statute is satisfied, a three-part federal due process analysis follows: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355 (citations and internal quotation marks omitted). "[P]laintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted).

## IV. ARGUMENT

The PI Motion should not be granted for Plaintiff's failure to establish personal jurisdiction over Defendants. Even where a preliminary injunction has been requested, as a threshold matter,

this Court "must first determine whether it has personal jurisdiction over the Defendants." *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1297 (S.D. Fla. 2007); *see also JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1364 (S.D. Fla. 1999); *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1327 (S.D. Fla. 2001) ("The Court decided to first consider the issue of personal jurisdiction before considering the merits of Plaintiff's Preliminary Injunction Motion.").

Alternatively, even if the analysis for personal jurisdiction and preliminary injunction are to be conducted at the same time, the PI Motion should still be rejected because Plaintiff has no "substantial likelihood of success on the merits." *See Bethune-Cookman*, 2023 WL 3704912, at *3. By failing to establish personal jurisdiction over Defendants in this Court, Plaintiff fails to show that it has any substantial likelihood to win this case, and thus further fails to "clearly established the burden of persuasion as to each of the four prerequisites." *See Siegel*, 234 F.3d at 1176.

1. **Plaintiff Cannot Satisfy Its Burden to Prove a *Prima Facie* Case for Specific Jurisdiction by Conclusory Allegations.**

The Complaint contains mostly conclusory allegations regarding personal jurisdiction, and they are refuted by Defendants' evidence:

| No. | Allegation | Defendants' Position |
|---|---|---|
| 1 | Compl. at ¶ 5: Defendants directly targets business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce stores. | Conclusory and inaccurate. *See* LF Decl. at ¶¶ 10–11; Yang Decl. at ¶¶ 10–17; Yi Decl. at ¶¶ 10–14; LQ Decl. at ¶¶ 10–14. |
| 2 | Compl. at ¶ 6: Each of the Defendants committed tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. | Conclusory as a formulaic recitation of a cause of action's elements. |
| 3 | Compl. at ¶ 9: Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions | The allegation does not support jurisdiction in Florida. |
| 4 | Compl. at ¶ 11: The Seller Aliases target consumers throughout the United States, including Florida and in this Judicial District. | Conclusory and inaccurate. *See* LF Decl. at ¶¶ 10–11; Yang Decl. at ¶¶ 10–17; Yi Decl. at ¶¶ 10–14; LQ Decl. |

5

| | | |
|---|---|---|
| | | at ¶¶ 10–14. |
| 5 | Compl. at ¶ 14: [1] Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers, including Florida, using one or more Seller Aliases, offer shipping to the United States, including Florida, [2] have sold infringing products to residents of Florida. | [1] is conclusory and inaccurate; [2] is refuted by supporting declarations. *See* LF Decl. at ¶¶ 10–11; Yang Decl. at ¶¶ 10–17; Yi Decl. at ¶¶ 10–14; LQ Decl. at ¶¶ 10–14. |
| 6 | Compl. at ¶ 20: Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use Plaintiff's registered trademark in connection with the advertisement, distribution, offering for sale, and sale of infringing products into the United States and Florida over the Internet. | Conclusory as a formulaic recitation of a cause of action's elements. |
| 7 | Compl. at ¶ 21: Defendants' unauthorized use of Plaintiff's registered trademark in connection with the advertising, distribution, offering for sale, and sale of infringing products, including the sale of the infringing products into the United States, including Florida, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff | Conclusory as a formulaic recitation of a cause of action's elements. |

These allegations are insufficient because they are conclusory. *See Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 & 1320 (11th Cir. 2006). A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Louis Vuitton*, 736 F.3d at 1350 (*citing Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)) (internal quotation marks omitted). In evaluating whether the allegations in the Complaint carry plaintiff's initial burden, conclusory allegations must be disregarded. *See Catalyst Pharms.,* 748 F. App'x at 946 ("conclusory allegations do not satisfy this burden"); *Snow,* 450 F.3d at 1318 ("conclusory allegations … are insufficient to establish a prima facie case of personal jurisdiction") (footnote omitted); *id.* at 1320 ("conclusory allegations, unwarranted deductions of

facts or legal conclusions masquerading as facts will not prevent dismissal") (internal quotation marks omitted).

### 2. Florida's Long-Arm Statute Is Not Satisfied Here.

Under Florida law, a nonresident defendant commits "a tortious act within [Florida]" when he commits an act outside the state that subsequently causes injury within Florida. *See Louis Vuitton*, 736 F.3d at 1353; *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008). If a defendant operates a website accessible to consumers in Florida, "unrebutted allegations of 'multiple sales into Florida' through a defendant's website are sufficient to support a finding that the defendant's acts 'cause[d] injury within Florida' in satisfaction of the long-arm statute's specific personal jurisdiction requirements." *Royal Enamel Ltd. v. JD E-Com. Am. Ltd.*, No. 2024 WL 5074976, at *3 (S.D. Fla. Dec. 11, 2024). *See also id.* at *5 (Florida's long-arm statute is satisfied because defendant did not dispute that alleged infringing goods were sold and shipped to Florida consumers through their platform and Walmart.com marketplace); *Louis Vuitton*, 736 F.3d at 1354 (Florida's long-arm statute is satisfied because defendant never rebutted plaintiff's allegations of multiple sales of counterfeit and infringing products into Florida).

Here, the Complaint does not include even a scintillation of evidence on whether actual sales by Defendants to this Forum ever occurred. *See* Compl. Instead, the Complaint includes only barebones, conclusory, and inaccurate allegations that fail Plaintiff's "initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *See Mazer,* 556 F.3d at 1274. Indeed, none of the Accused Products identified by Plaintiff has ever been sold to or shipped to any customer in the State of Florida through the Walmart e-commerce platform. LF Decl. at ¶ 11; Yang Decl. at ¶ 11; Yi Decl. at ¶ 11; LQ Decl. at ¶ 11.

In *Licciardello*, the Eleventh Circuit made a statement that "in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida." *Licciardello v. Lovelady*, 544 F.3d at 1283. However, such a statement cannot be taken out of

7

context. As recently summarized in *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276 (S.D. Fla. 2022) (J. Bloom), which discusses *Licciardello*, this Court noted that "the plaintiff [of *Licciardello*] as the owner of the trademark resided in Florida." *PeopleShare,* 601 F. Supp. 3d at 1282. "*Licciardello* does not support the conclusion that a plaintiff sustains an injury in Florida regardless of where the plaintiff is located simply because a website can be accessed in Florida" because "such a broad holding would subject every company or individual that has a website anywhere in the world, and whose website can be accessed in Florida, to suit in Florida." *Id.* This Court expressly acknowledged that "accessibility was sufficient in *Licciardello* because the plaintiff was located in Florida and therefore sustained an injury in Florida." *Id.* at 1283.

Here, on the contrary, the Complaint expressly stated that "Plaintiff is an individual residing in Shanghai, China." Compl. at ¶ 7. Therefore, Plaintiff's own absence from Florida prevents it from establishing jurisdiction under Florida's long-arm statute.

### 3. Federal Due Process Requirements Are Not Satisfied Here due to Plaintiff's Failure to Establish a *Prima Facie* Case for Specific Jurisdiction.

Note that Plaintiff did not allege general jurisdiction of this Court over Defendants. *See* Compl. at ¶¶ 5-6. Assuming *arguendo* that Plaintiff were able to satisfy Florida's long-arm statute, it cannot satisfy federal due process.

Plaintiff's sole non-conclusory allegation, which is not included in the Complaint, is a set of website screenshots showing that Defendants "offer[] to ship the infringing products to addresses within this judicial district" in its Renewed Motion for TRO. *See* Dkt. No. 13 at 2 and its Exs. 2–5. As an initial matter, such allegations and accompanying evidence are outside the pleading and should be ignored. *See* FED. R. CIV. P. 7(a). However, even if they were accepted as part of the pleading (which Defendants object), these allegations and exhibits are insufficient to establish either Defendants' purposeful availment of the benefit of Florida's laws or their minimum contacts with Florida. *See Louis Vuitton*, 736 F.3d at 1355. Moreover, Defendants' evidence shows that neither purposeful availment nor minimum contacts exists. *See* LF Decl. at ¶¶ 10–11; Yang

8

Decl. at ¶¶ 10–17; Yi Decl. at ¶¶ 10–14; LQ Decl. at ¶¶ 10–14.

        a.    No Purposeful Availment

Plaintiff's allegations do not satisfy the requirement that Defendants have purposefully availed themselves of the forum's laws. Plaintiff's allegations that appear intended to support Plaintiff's purposeful availment argument are set forth in Section IV.1 above, but as noted there, those allegations are entirely conclusory and cannot help to create a *prima facie* case for personal jurisdiction. *See Catalyst Pharms.,* 748 F. App'x at 946; *Snow,* 450 F.3d at 1318 & 1320.

First, contrary to Plaintiff's suggestion (*i.e.*, the mere fact that Defendants' e-commerce stores are accessible in Florida is sufficient to establish personal jurisdiction, *see* Dkt. No. 13 at 2–3), the Eleventh Circuit has expressly denied that "the mere operation of an interactive website alone gives rise to purposeful availment *anywhere* the website can be accessed." *Louis Vuitton*, 736 F.3d at 1358 (emphasis in original); *see also Licciardello,* 544 F.3d at 1288 ("We do not, by our decision today, intend to establish any general rule for personal jurisdiction in the internet context. Our holding, as always, is limited to the facts before us."). Moreover, here, just as in *Honus Wagner*, "Plaintiff has specifically pled itself out of this [purposeful availment] contention [by] repeatedly stating that Defendants never specifically targeted Florida, but rather the U.S." *Honus Wagner*, 2017 WL 6547899, at *12. Plaintiff here has alleged that Defendants targeted the entire United States of which Florida is merely a part (*see* Dkt. No. 1, ¶¶ 5, 6, 11, 14, 20, 21), and so has "pled itself out of" purposeful availment.

Second, Defendants did not intentionally target Florida because none of the Accused Products identified by Plaintiff have ever been sold to Florida. *See* LF Decl. at ¶ 11; Yang Decl. at ¶ 11; Yi Decl. at ¶ 11; LQ Decl. at ¶ 11. Plaintiff's non-conclusory allegations, even if accepted as part of the pleading (which Defendants object), only suggests that Defendants' e-commerce stores selling the Accused Products are accessible in Florida, as opposed to sufficiently pleading that any of the Accused Products has been sold to Florida. *See* Dkt. No. 13 at 2. In this Court, even

actual sales to the forum state do not qualify as purposeful availment when the sales are deemed sporadic. *See Tomashevsky v. Komori Printing Mach. Co.*, 691 F. Supp. 336, 339 (S.D. Fla. 1988) ("the fact that Imperial occasionally sells printing presses to two Florida dealers" does not establish purposeful availment); *Nat'l Enquirer, Inc. v. News Grp. News, Ltd.*, 670 F. Supp. 962, 968 (S.D. Fla. 1987) ("isolated contact with the forum state, although purposeful in itself, may be insufficient to confer personal jurisdiction"). *See also Ahern v. Pac. Gulf Marine, Inc.*, 2008 WL 706501, at *3 (M.D. Fla. Mar. 14, 2008) (No purposeful availment where "Norsafe has demonstrated that its activity in Florida over the course of four years has been limited to only a few customers … [who] initiated contact with Norsafe."); *Umbach v. Mercator Momentum Fund, L.P.*, 2007 WL 2915910, at *6 (S.D. Fla. Oct. 5, 2007) (No purposeful availment where "Defendants' solicitations originated in California, were not widespread, and did not involve sending personal representatives to Florida"). Thus, the Complaint fails to satisfy the "purposeful availment" requirement of due process analysis for specific jurisdiction.

        b.    <u>Claims Do Not Arise Out of or Relate to Defendants' Florida Contacts.</u>

Plaintiff's non-conclusory allegations also do not show the required relationship between Plaintiff's claims and Defendants' contacts with Florida. First, in an attempt to link Defendants to the forum, Plaintiff relies on the same allegation that Defendants have a website accessible from Florida. However, such a website does not qualify as the minimum contacts necessary to satisfy due process because no contact by Defendants is involved—none of the Accused Products has ever been sold to Florida customers through Defendants' website. *See* LF Decl. at ¶ 11; Yang Decl. at ¶ 11; Yi Decl. at ¶ 11; LQ Decl. at ¶ 11. Thus, minimum contacts do not exist because only acts by Defendants themselves can support a finding that minimum contacts exist. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("the defendant's suit-related conduct must create a substantial connection with the forum State"; "We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third

parties) and the forum State.").

Plaintiff also argues that the minimum contacts test is satisfied because Defendants' conduct has "caused Plaintiff substantial injury in the State of Florida." Dkt. No. 1, ¶ 6. Aside from the conclusory nature of this barebones allegation, for federal due process purposes, injury from intellectual property infringement is deemed to be felt where the intellectual property owner resides. *See, e.g., Roca Labs, Inc. v. Boogie Media, LLC*, 2013 WL 2025806, at *6 (M.D. Fla. May 14, 2013) (alleged trademark infringement occurred where the holder resides); *Carmel & Co. v. Silverfish, LLC*, 2013 WL 1177857, at *4 (S.D. Fla. Mar. 21, 2013) ("[T]he injury from trademark infringement occurs in the state where the trademark owner resides." (internal citations and quotation marks omitted)); *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000) ("Injury from trademark infringement occurs in the state where the trademark owner resides."). Since Plaintiff is "an individual residing in Shanghai, China" (Compl. at ¶ 7), any injury would be felt by Plaintiff in China, not Florida.

In addition, even assuming, *arguendo*, that Plaintiff had plausibly alleged injury in Florida, after the U.S. Supreme Court's restructuring of personal jurisdiction law in 2014 with the *Walden* case, it is no longer possible to base personal jurisdiction simply on where the injury is felt. *Walden* held that, to satisfy due process, the personal jurisdiction analysis must focus on the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. Thus, the Complaint fails to satisfy the relatedness requirement of the due process analysis for specific jurisdiction.

By failing two of the three prongs required by the due process analysis for specific jurisdiction, Defendants need not entertain the analysis of the remaining prong (*i.e.*, whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice). *See Louis Vuitton*, 736 F.3d at 1355. Therefore, Plaintiff failed to establish personal jurisdiction over Defendants in this Court.

### 4. Plaintiff's Allegation of Jurisdiction Under Rule 4(k)(2) also Fails

Perhaps in an attempt to cure the above-discussed deficiencies in personal jurisdiction, Plaintiff belatedly brings up an alternative theory of personal jurisdiction pursuant to Federal Rules of Civil Procedure 4(k)(2) in its Renewed Motion for TRO. *See* Dkt. No. 13 at 3. Plaintiff merely recites the rule's language verbatim without any supporting facts. *Id.* Again, as an initial matter, this Court need not entertain such a barebones allegation out of the pleading. *See* FED. R. CIV. P. 7(a). However, even if it were accepted as part of the pleading (which Defendants object), such a theory still fails because this conclusory allegation not only lacks substantive analysis but also fails to satisfy the constitutional due process requirements necessary to establish personal jurisdiction under Rule 4(k)(2).

To wield Rule 4(k)(2) against a foreign defendant, a plaintiff must show: (1) its claim "arises under federal law," (2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and (3) "exercising jurisdiction is consistent with the United States Constitution and laws." FED. R. CIV. P. 4(k)(2); *see Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1307 (11th Cir. 2022).

Nationwide jurisdiction cases under Rule 4(k)(2) implicate the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment. *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1316 (11th Cir. 2025) (citing *Herederos*, 43 F.4th at 1310). The analysis under the two Amendments is mostly the same. The only major difference is that where the Fifth Amendment applies, the court weighs the defendant's contacts with the United States as a whole, rather than with a single state. *Id.*

Because Defendants are not "at home" in the United States, due process limits the jurisdiction of United States courts to suits that "arise out of or relate to [its] contacts with the forum"—that is, the specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). To exercise specific jurisdiction, the "defendant must have 'purposefully

availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

Here, except Defendant Nos. 9 ("akapiao"), 32 ("Homelifegood"), 44 ("luolangdi"), 49 ("Smarthome"), 60 ("Yafix"), 114 ("KABUDA"), 131 ("Goodhd"), 130 ("Homecarall"), and 169 ("JoyPulse") (collectively "De-Minimis-Sale Defendants"), Defendants did not sell the alleged infringing products in the U.S. LF Decl. at ¶ 12; Yang Decl. at ¶ 12; Yi Decl. at ¶ 12; LQ Decl. at ¶ 12. De-Minimis-Sale Defendants collectively made *de minimis* sales of U.S. Dollars $204.01 in the aggregate in the U.S. (not including the State of Florida). Therefore, such activities or lack thereof do not meet the requirement for "a sufficient nexus between those contacts and the litigation." *Diamond Crystal*, 593 F.3d at 1267. For these reasons, personal jurisdiction under Rule 4(k)(2) cannot be established.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Entry of Preliminary Injunction be denied.

July 30, 2025

Respectfully submitted.

By: /s/ Adrienne Love
Adrienne C. Love (Fla. Bar No. 21835)
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 329-4847
E-mail: alove@stearnsweaver.com

J. Benjamin Bai (*pro hac vice forthcoming*)
Texas Bar No. 24001675
**King & Wood Mallesons LLP**
500 Fifth Avenue, 50th Floor
New York NY 10110

Telephone: (212) 319-4755  
E-mail: benjamin.bai@cn.kwm.com

Haolu Feng (*pro hac vice forthcoming*)  
D.C. Bar No. 90001026  
**King & Wood Mallesons**  
17th Floor, One ICC, Shanghai ICC  
999 Middle Huai Hai Road, Xuhui District  
Shanghai 200031 China  
Telephone: (206) 499-2956  
Email: harry.feng@cn.kwm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2025, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: /s/ Adrienne Love  
Adrienne Love
